IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES ROBERT WORKMAN,

    Petitioner,

v.                                                       Case No. 2:23-cv-00299

AARON WESTFALL, SUPERINTENDENT,
Parkersburg Correctional Center,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's "Complaint," which was construed and docketed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PETITIONER'S CLAIMS FOR RELIEF

Petitioner is a sentenced West Virginia state prisoner. His petition seeks sentencing credit for time he spent on state probation. Specifically, the petition states:

> I was hoping to get some of my probation time at least some of my good time towards my sentence. Mr. Bloom violated me first time on a pee test probation already gave me outpatient and community services six months before. Almost 3 ½ years on good time and not a day one credit. Every bit of my hearing was botched.

(ECF No. 2 at 5).

On November 20, 2020, after he was convicted in the Circuit Court of Kanawha County of Attempt to Commit a Felony, to wit: Possession with Intent to Deliver Methamphetamine, Petitioner was sentenced to one to three years in prison, but that sentenced was suspended and the Circuit Court placed Petitioner on probation for a term of five years.  (ECF No. 9, Ex. 1).[1]  However, on or about February 16, 2023, the Circuit Court found that Petitioner had violated the terms of his probation, revoked his probation, and imposed the previously suspended sentence of one to three years' incarceration, with 26 days of credit for time served.  (ECF No. 9, Ex. 2).  Other than filing an unsuccessful motion for a reduced sentence, Petitioner does not indicate that he commenced any other action concerning these facts in state or federal court prior to filing this civil action.  (ECF No. 2 at 1, 8).

On May 15, 2023, the undersigned granted Petitioner's Application to Proceed Without Prepayment of Fees and Costs and issued an Order for Respondent to show cause why the writ of habeas corpus should not be granted.  (ECF No. 4).  On June 28, 2023, Respondent filed the instant Motion to Dismiss (ECF No. 9) and Memorandum of Law in support thereof (ECF No. 10), asserting that Petitioner did not exhaust available state court remedies prior to filing his federal petition, as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA") amendments contained in 28 U.S.C. § 2254(b)(1).  Respondent further asserts that the petition fails to state a plausible claim for relief under § 2241.  Respondent contends that a search of state court records fails to yield evidence

---

[1] Petitioner's petition suggests that he was sentenced to five years of probation in February of 2019.  (ECF No. 2 at 8).  However, Respondent has attached the Circuit Court's Order, entered on December 20, 2020 setting forth the procedural history and terms of Petitioner's probation, of which this Court may take judicial notice.  (ECF No. 9, Ex. 1).

that Petitioner has sought either appellate or habeas corpus relief in the state courts. (ECF No. 10 at 2 and Ex. 3).

On July 14, 2023, the undersigned entered an Order and Notice setting deadlines for response and reply briefs concerning Respondent's motion to dismiss. (ECF No. 11). According to the docket sheet, however, that mail, which was sent to Petitioner at the Stevens Correctional Center, was returned as refused on July 28, 2023. (ECF No. 12). Thus, the undersigned entered a second Order and Notice with new deadlines for a response and reply and directed that it be mailed, along with copies of Respondent's motion and memorandum of law, to Petitioner at the Parkersburg Correctional Center, where he was then listed as being incarcerated. Pursuant to that Order and Notice, Petitioner's response to the motion to dismiss was due by October 2, 2023. However, Petitioner has failed to respond to the motion or otherwise communicate with the court. Thus, the undersigned will treat Respondent's motion to dismiss as undisputed.

## ANALYSIS

Habeas corpus is the appropriate and exclusive remedy for a state prisoner to attack the validity or duration of confinement. *Todd v. Baskerville*, 712 F.2d 70, 71 (4th Cir. 1983). Thus, the fact that Petitioner filed the instant matter on a "Complaint" form is of no moment. Moreover, although the Clerk docketed the initiating document as a petition brought under 28 U.S.C. § 2241, it is now apparent that Petitioner is a sentenced state prisoner and, thus, his petition must be addressed under 28 U.S.C. § 2254.

"Section 2254 has more specific language: a federal court 'shall entertain an application for a writ of habeas corpus in behalf of <u>a person in</u> <u>custody pursuant to the</u> <u>judgment of a State court</u> only on the ground that he is in custody in violation of the

3

Constitution or laws or treaties of the United States.'" 28 U.S.C. § 2254(a) (emphasis added). *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). Consequently, "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' . . . , even if they challenge the execution of a state sentence." *Id.* Thus, such petitions are subject to all the AEDPA restrictions, including the exhaustion requirement.

> A. **Failure to exhaust state court remedies.**

Section 2254 of Title 28 provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
>> (A) the applicant has exhausted the remedies available in the courts of the State . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition

4

for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (abrogated on other grounds, *Trest v. Cain*, 522 U.S. 87 (1997)).

A § 2254 petition that has not been properly exhausted must normally be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)); s*ee also Galloway v. Stephens*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."). Respondent's memorandum of law recognizes that Petitioner may be attempting to circumvent the exhaustion requirement under a statutory exception where the state court process is deemed to be "ineffective to protect the rights of the applicant." (ECF No. 10 at 3, citing 28 U.S.C. § 2254(b)(1)(B)(ii)). However, Respondent further asserts that Petitioner's petition is "wholly devoid of any allegations that circumstances exist which would render any potential state court appellate or habeas corpus proceedings in this matter ineffective." (*Id*. at 4). The undersigned agrees and Petitioner has failed to dispute this assertion.

Petitioner has not met his burden of demonstrating that he exhausted available state court remedies prior to filing the instant federal claim for habeas corpus relief. Nor has he demonstrated that such exhaustion should be excused under § 2254(b)(1)(B)(ii). Thus, the undersigned proposes that the presiding District Judge **FIND** that the instant

5

petition should be dismissed for failure to exhaust the available state court remedies.

**B. Failure to state a plausible claim for federal habeas corpus relief.**

Respondent's motion to dismiss also asserts that Petitioner's claim for relief is not cognizable in federal habeas corpus because it is a matter of state statutory law, not federal constitutional law. (ECF No. 10 at 4-5). Respondent asserts that Petitioner "is essentially asking the District Court to grant him good time for the period he was on probation prior to the violation which led to his incarceration." (*Id.* at 4). Respondent further contends that this claim "alleges no violation of a federal constitutional dimension" and "is clearly a matter of state law." (*Id.* at 4-5).

With respect to this argument, Respondent notes that "the Supreme Court of Appeals of West Virginia held that good time is a statutory creation and not a constitutional right." (*Id.* at 5, citing *State v. Eilola*, 704 S.E.2d 698, 707-08 (W. Va. 2010)). In *Eilola*, the Court stated:

> As this Court recognized in Syllabus Point 6 of *State v. McClain*, 211 W. Va. 61, 561 S.E.2d 783, a defendant is constitutionally entitled to credit for time served. However, a defendant is not constitutionally entitled to good time credit. Rather, pursuant to W. Va. Code § 28-5-27(f) [now found in W. Va. Code § 15A-4-17], the award of good conduct time credit is at the discretion of the warden.

704 S.E.2d at 707-08. As § 2254 requires a state prisoner to demonstrate that he is in custody in violation of the *federal* constitution or other *federal* laws or treaties, Petitioner's claim is not cognizable thereunder. *See* 28 U.S.C. § 2254(a).

As further noted by Respondent, Petitioner is not even entitled to any substantive relief on his claim. West Virginia Code § 15A-4-17 provides that "an inmate may not be granted any good time for time served either on parole or bond or *in any other status*

6

*when he or she is not physically incarcerated.*" W. Va. Code § 15A-4-17(c) (emphasis added). Respondent asserts, and the undersigned agrees, that, because he was not physically incarcerated, Petitioner is not entitled to good time credit for the time he spent on probation. (ECF No. 10 at 5). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's petition fails to state a plausible claim for relief under § 2254 and that the petition must be dismissed.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's undisputed Motion to Dismiss (ECF No. 9) and **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 2) and this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner,[2] and to transmit a copy to counsel of record.

<u>December 4, 2023</u>

                                                    Dwane L. Tinsley
                                                   United States Magistrate Judge

---

[2] According to the offender search on the West Virginia Division of Corrections and Rehabilitation's website, Petitioner has been released to supervision by the Logan Parole Services Office, Region 222.  The undersigned's staff contacted Petitioner's parole officer and determined that his current address is: **2 Cherokee Dr., Alum Creek, WV 25003**.  The Clerk is directed to modify Petitioner's address on the docket sheet.